UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
FRANCIS CONTRERAS,                                      :
                                                        :
                        Petitioner,                     :
                                                        :
        -against-                                       :
                                                        :
                                                        :
DUKE TERRELL, Warden, Metropolitan                      :
Detention Center,                                       :
                                                        :
                        Respondent.                     :
                                                        :
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/2010
```

MEMORANDUM OPINION
AND ORDER

10 Civ. 6583 (DLC)

DENISE COTE, District Judge:

Francis Contreras, appearing *pro se* and presently incarcerated in the Metropolitan

Detention Center, in Brooklyn, New York, brings a petition for a writ of *habeas corpus* under 28

U.S.C. § 2241 seeking a twenty-four month sentence reduction and his immediate release.[1]  The

sentence that is challenged was issued in a judgment of conviction filed on April 10, 2006 in

United States v. Contreras, 05 Cr. 623-03 (DLC).

## DISCUSSION

### Characterizing the Petition

To the extent Contreras seeks to challenge the imposition of his federal sentence, such a

challenge can be made only in a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a

---

[1] The petition was filed originally in the United States District Court for the Eastern
District of New York.  By Order dated August 18, 2010, this action was transferred to this Court.
Contreras v. Terrell, No. 10-CV-3352 (RJD) (E.D.N.Y. Aug. 18, 2010).

1

federal sentence. See Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997) ("A

petitioner seeking to challenge the legality of the *imposition* of a [federal] sentence by a court

may . . . make a claim pursuant to Section 2255. A challenge to the *execution* of a [federal]

sentence, however, is properly filed pursuant to Section 2241." (citation omitted)). The

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244, 2255,

generally limits federal prisoners to a single § 2255 motion. Second or successive § 2255

motions may only be filed in the Court of Appeals and are subject to stricter scrutiny.[2] See 28

U.S.C. §§ 2244(b)(3), 2255(h).

Accordingly,

district courts should not recharacterize a motion purportedly made under some
other rule as a motion made under § 2255 unless (a) the movant, with knowledge
of the potential adverse consequences of such recharacterization, agrees to have
the motion so recharacterized, or (b) the court finds that, notwithstanding its
designation, the motion should be considered as made under § 2255 because of
the nature of the relief sought, and offers the movant the opportunity to withdraw
the motion rather than have it so recharacterized.

Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam). Thus,

---

[2]     A second or successive [§ 2255] motion must be certified as
       provided in [28 U.S.C. §] 2244 by a panel of the appropriate court
       of appeals to contain–

              (1) newly discovered evidence that, if proven and
              viewed in light of the evidence as a whole, would be
              sufficient to establish by clear and convincing
              evidence that no reasonable factfinder would have
              found the movant guilty of the offense; or

              (2) a new rule of constitutional law, made
              retroactive to cases on collateral review by the
              Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

2

the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Castro v. United States, 540 U.S. 375, 383 (2003).

## Statute of Limitations Under 28 U.S.C.§ 2255

Section 105 of the AEDPA amended § 2255 to include a one-year filing limitation. It

provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This action may be untimely. Contreras's judgment of conviction became final on April

24, 2008, ninety days after the entry of the order of the Second Circuit on January 24, 2008 that

affirmed the judgment of conviction. See Clay v. United States, 537 U.S. 522, 525-27 (2003). It

3

appears that Contreras had one year from that date, or until April 24, 2009, to file a timely § 2255 petition. See 28 U.S.C. § 2255(f)(1).

Should Contreras submit an amended petition under 28 U.S.C. § 2255, he should allege facts demonstrating why the petition is timely. Specifically, he should include in his amended petition the date on which he delivered his original petition to prison officials for its mailing to the United States District Court for the Eastern District of New York. To the extent Contreras seeks equitable tolling of the limitations period, he should include in his amended petition any facts which demonstrate that "'extraordinary circumstances prevented him from filing his [original] petition on time, and [that] he . . . acted with reasonable diligence throughout the period he seeks to toll.'" Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003) (citation omitted).

## CONCLUSION

It is hereby

ORDERED that, to the extent Contreras wishes to challenge his conviction, including the imposition of his sentence, he must submit by **December 3, 2010** an amended petition to vacate, set aside or correct a sentence under § 2255 to the Court's *Pro Se* Office in which he specifies his intent to challenge his conviction, lists all of the grounds for such a challenge under federal law, and includes facts supporting each ground. Also, Contreras must allege facts demonstrating why his petition is timely, or if not, why the applicable limitation period should be equitably tolled. Contreras is advised that any amended petition submitted shall completely replace, not

4

supplement, his original petition.[3]  Therefore, any claims from the original petition that he wishes
to preserve must be included in his amended petition.

IT IS FURTHER ORDERED that, if Contreras does not wish to have this action
recharacterized as one brought under § 2255, he may submit by **December 3, 2010** a request in
writing, to the Court's *Pro Se* Office, to have this action withdrawn.

IT IS FURTHER ORDERED that, if Contreras fails to comply with this Order within the
time allowed, or fails to show good cause as to why he cannot comply with this Order within the
time allowed, this action will be dismissed without prejudice.

IT IS FURTHER ORDERED that, as Contreras has not made a substantial showing of the
denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c);
Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by
United States v. Perez, 129 F.3d 255 (2d Cir. 1997).  The Court certifies, pursuant to 28 U.S.C.
§ 1915(a)(3), that any appeal from this Order would not be taken in good faith.  See Coppedge v.
United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DENISE COTE
United States District Judge

Dated: September 20, 2010

New York, New York

---

[3] For Contreras's convenience, a § 2255 amended petition form is attached to this Order.

5

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District |  |
|---|---|---|
| Name of Movant | Prisoner No. | Case No. |
| Place of Confinement | | |

UNITED STATES OF AMERICA          V.

(name under which convicted)

AMENDED  MOTION          10 Civ. 6583(DLC)

1. Name and location of court which entered the judgment of conviction under attack _____ _____ ___

_____

2. Date of judgment of conviction ___ _____

3. Length of sentence _____ ___ ___ ___ ___ ___ ___ _____

4. Nature of offense involved (all counts) _____ _____ ___ ___ ___ ___ _____

_____

_____

_____

5. What was your plea?  (Check one)
(a) Not guilty          ☐
(b) Guilty              ☐
(c) Nolo contendere     ☐

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

_____

_____

_____

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
(a) Jury                ☐
(b) Judge only          ☐

7. Did you testify at the trial?
Yes ☐          No ☐

8. Did you appeal from the judgment of conviction?
Yes ☐          No ☐

AO 243 (Rev. 2/95)

9.  If you did appeal. answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence. have you previously filed any petitions, applications. or motions with respect to this judgment in any federal court?

Yes ☐      No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐      No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(3)

AO 243 (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes □      No □

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes □      No □
    (2) Second petition, etc.     Yes □      No □

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.     Ground one: _____

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

_____

_____

B.     Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

C.     Ground three:_____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

AO 243 (Rev. 2/95)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _____

(b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing _____

AO 243 (Rev. 2/95)

(e)  On appeal _____

_____

(f)  In any post–conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐        No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☐

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(Date)

_____
Signature of Movant

(7)

COPIES SENT TO:

Francis Contreras
53021-054
MDC Brooklyn
Cadre
P.O. Box 329002
Brooklyn, NY 11232